IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA GHAZI, *et al.*, | No. C 08-1237 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION** |
| v. | |
| UNITED STATES DEP'T OF STATE, *et al.*, | |
| Defendants. | |

Defendants' motion to dismiss for lack of subject matter jurisdiction is scheduled for a hearing on October 10, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. The Court also VACATES the case management conference scheduled on October 10, 2008.

**BACKGROUND**

Plaintiff Fatima Mohamed Yahya Ghazi is a native and citizen of Yemen, and in 2000 she married Abdul Haed Ghazi, a United States citizen. Complaint ¶ 2. Mr. Ghazi died on August 3, 2003. *Id*. Plaintiffs Samya Ghazi and Yasser Ghazi are natives and citizens of Yemen, and they are the sons of Abdul Haed Ghazi. *Id*. ¶¶ 3-4.[1] In 2005, plaintiff Fatima Ghazi applied for an immigrant visa for herself and on behalf of Samyah and Yasser. *Id*. ¶ 16. On September 19, 2006, plaintiffs were interviewed at the U.S. Embassy in Sana'a, Yemen. *Id*. ¶ 20. The complaint alleges that at the conclusion of the interview, the consular officer requested that Samyah and Yasser have a DNA test to

---

[1] Samyah and Yasser were born in 1986, and are Fatima's stepsons. *Id*. ¶¶ 3-4, 20.

confirm that they were the biological sons of Abdul Haed Ghazi. *Id*. The complaint alleges that Samyah and Yasser subsequently underwent such testing, which confirmed that they are the biological sons of Abdul Haed Ghazi, and that plaintiffs provided this documentation to the U.S. Embassy. *Id*. ¶¶ 20-21. The complaint also alleges that at the end of the September 19, 2006 interview, the consular officer requested that Mrs. Ghazi provide the Embassy with a new joint sponsor. *Id*. ¶ 22.

By letter dated September 19, 2006, the American consular officer informed plaintiff that "it is unable to issue a visa to you because you have been found ineligible to receive a visa under [Section 221(g)] of the Immigration and Nationality Act." *Id*. Ex. 2; Dybdahl Decl. ¶ 4. The letter also directed plaintiff to "[p]lease provide a new joint sponsor I-864 form with sufficient income." *Id*. Ex. 2.

The complaint alleges that Mrs. Ghazi provided the U.S. Embassy with a new joint sponsor form on September 24, 2006. *Id*. ¶ 22. Plaintiffs allege that they are still awaiting a decision on the visa petition, and on February 29, 2008, filed this lawsuit seeking declaratory and injunctive relief, and for a writ of mandamus directing the U.S. Embassy to act on plaintiffs' petition. Defendants[2] have submitted the declaration of Chloe Dybdahl, an "attorney adviser" with the U.S. Department of State. Ms. Dybdahl states that the U.S. Department of State database "shows that on September 19, 2006, a consular officer refused the immigrant visa applications of Fatima Mohamed Yahya Ghazi and the derivative applicants under INA § 221(g)." Dybdahl Decl. ¶ 4.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal

---

[2] Defendants are the U.S. Department of State, Condoleeza Rice, Maura Harty (Assistant Secretary of Consular Affairs, U.S. Department of State), Stephen Edson (Deputy Assistant Secretary for Visa Services, U.S. Department of State), the United States Embassy in Sana'a, Yemen, Stephen Seche (Ambassador, U.S. Embassy, Yemen), and Christina Poulos (Deputy Director United States Customs and Immigration Service).

jurisdiction either "facially" or "factually." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to plaintiff. *See NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, when the challenge is factual, a court may resolve disputes in determining the existence of jurisdiction (without converting the motion to one for summary judgment). *See Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (citing *Thornhill Publ'g*, 594 F.2d at 733). This practice is limited to purely jurisdictional issues, and when the issue extends into the merits of the case, the court is again limited to taking the complaint's material allegations at face value. *See id.*

## DISCUSSION

Defendants move to dismiss the complaint for lack of subject matter jurisdiction. Defendants contend that under the doctrine of consular nonreviewability, this Court lacks jurisdiction to review consular visa decisions. "'[I]t has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review.'" *Bustamante v. Mukasey*, 531 F.3d 1059, 1061 (9th Cir. 2008) (quoting *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986)); *see also Ventura-Escamilla v. Immigration and Naturalization Service*, 647 F.2d 28, 30 (9th Cir. 1981) (holding that courts lack jurisdiction when "the relief sought is a review of the Consul's decision denying their application for a visa"). The courts have recognized a "limited exception to the doctrine where the denial of a visa implicates the constitutional rights of American citizens." *Bustamante*, 531 F.3d at 1062 (holding U.S. citizen raising a constitutional challenge to the denial of spouse non-citizen's visa is entitled to "limited judicial enquiry regarding the reason for the decision.").

Plaintiffs do not allege a constitutional violation, and they acknowledge that the consular officer "issued a perfunctory denial . . . which procedurally complied with INA § 221(g)." Opposition at 6. However, plaintiffs argue that because the consular official requested that Mrs. Ghazi provide a new joint sponsor form, which Mrs. Ghazi then did, that the visa petition is still pending because it is being reconsidered. Plaintiffs contend that their situation is akin to *Patel v. Reno*, 134 F.3d 929 (9th Cir.

3

1997), in which the Ninth Circuit held that it had jurisdiction to review a claim challenging the consulate's decision to suspend a non-citizen's visa application for 8 years without taking any action. In *Patel*, an alien wife applied for a visa based upon her marriage to a naturalized citizen. While her application was pending, denaturalization proceedings were initiated against the husband, and the U.S. Consulate suspended the wife's application pending completion of the denaturalization proceedings.

The *Patel* court noted that "[n]ormally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review. However, when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists." *Id.* at 931-32. The *Patel* court held the applicable regulations required the consulate to act on the plaintiffs' visa petition, and rejected the government's argument that a letter from the consulate informing the plaintiffs that their applications were "refused" until the naturalization proceedings were completed constituted a "refusal" under the regulations. The court noted that the letter was not on a form prescribed by the Department, did not state statutory provisions under which administrative relief was available, and most importantly, was not a final decision because the government acknowledged that the consulate was holding the plaintiffs' visa applications in abeyance. *Id.* at 932.

Plaintiffs' reliance on *Patel* is unavailing. As a factual matter, *Patel* is distinguishable because in this case plaintiffs admit that the U.S. Consulate "refused" their visas pursuant to 8 U.S.C. § 221(g). Moreover, as other courts have recognized, since *Patel* was decided the regulations have been modified to explicitly provide that a consular official may satisfy the duty to issue or refuse a visa by refusing the visa under § 221(g) of the INA: "When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of INA and the implementing regulations, the consular officer must either issue or refuse the visa under INA 212(a) or INA 221(g) or other applicable law." 22 C.F.R. § 42.81(a); *see* 66 Fed. Reg. 10363-64 (Feb. 15, 2001) (noting amendment). Plaintiffs do not cite any authority for the proposition that the possibility of reconsideration of plaintiffs' application does not mean that there has been no decision on the visas.

The Court finds persuasive *Svensborn v. Keisler*, No. 07-5003 TEH, 2007 WL 3342751 (N.D. Cal. Nov. 7, 2007), a case that is factually similar to the instant one. In *Svensborn*, the plaintiff applied

4

for a visa, which was denied pursuant to Section 221(g).  As in this case, after denial of her application, the *Svensborn* plaintiff submitted additional documentation to the embassy, and her application – although refused – was considered "open" pending the reconsideration process.  *Id*. at *1.  The plaintiff sought a writ of mandamus directing the embassy to adjudicate the application.  Judge Henderson held that there was no relief that the court could grant because the consular official had fulfilled his/her statutory duty:

> Petitioners have failed to convince the Court that the ongoing review of Norgren's application is not properly construed as part of this reconsideration process, rather than as an indication that no decision has yet been reached on the application. Indeed, it is undisputed that Norgren received a Form OF-194 stating that she was found ineligible to receive a visa. . . . In short, the Court concludes that the refusal of Norgren's visa application under section 221(g) complied with the consular officer's duty under 22 C.F.R. § 42.81(a) to issue or refuse the visa.

*Id*. at *4; *see also Capistrano v. Department of State*, 267 Fed. Appx. 593, 594-95 (9th Cir. Feb. 19, 2008) (in visa denial case, affirming dismissal for lack of subject matter jurisdiction where plaintiffs characterized complaint as one challenging process followed by consulate because "[a]t its core, the relief sought by the Appellants would require the Manila consulate to revisit its decision denying the visa applications.").

Accordingly, the Court GRANTS defendants' motion to dismiss for lack of subject matter jurisdiction.  In light of the disposition of defendants' motion, the Court does not reach the parties' arguments regarding venue or whether certain defendants are properly named in this action.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss the complaint for lack of subject matter jurisdiction.  (Docket No. 6).

**IT IS SO ORDERED.**

Dated: October _7___, 2008

SUSAN ILLSTON
United States District Judge

5